FAJARDO SUGAR COMPANY, APPELLANT, *v.* REGISTRAR OF
HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record an Agreement for Agricultural Financing and Grinding of Sugar Cane.

No. 307.—Decided April 30, 1917.

AGRICULTURAL LOAN—GRINDING OF CANE—COMMUNITY PROPERTY—CONSENT OF WIFE.—In the present case a married man, without the consent of his wife, entered into a contract for agricultural financing and grinding of sugar cane, by virtue of which he received a certain sum of money as a loan and agreed to plant a specified number of *cuerdas* of land in different properties to sugar cane for several crops, two of the said properties belonging to the conjugal partnership, the contract to be recorded in the registry and the products of the said properties to respond for the payment of the amounts received. *Held:* That the express consent of the wife was essential to the validity of the said contract.

The facts are stated in the opinion.
*Mr. Luis Muñoz Morales* for the appellant.
The registrar appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

On December 27, 1916, Juan Nogueras Pedraza, personally and as attorney in fact of his wife, Cristina Alvarez Garriga, of the one part, and the Fajardo Sugar Company, a corporation organized under the laws of the State of New York, with offices in the town of Fajardo, Porto Rico, of the other part, appeared before Notary Luis Muñoz Morales and executed a contract of agricultural financing for planting and grinding sugar cane affecting four different properties, two belonging to the conjugal partnership composed of Nogueras and his wife, one to the wife separately and the other being held by Nogueras under lease. Nogueras, personally and in representation of his wife, agreed to plant and cultivate 100 *cuerdas* of sugar cane on the property belonging to the conjugal partnership for the crops of 1917 to 1926, both inclusive; 125 *cuerdas* on the property owned by his wife during the same period, and 75 *cuerdas* on the leased property for the crops of 1918 and 1919, and to deliver to the Fajardo Sugar

Company the sugar cane raised to be ground in the manner set forth in detail in the contract.   In turn, the Fajardo Sugar Company agreed to purchase the sugar cane from Nogueras and finance him in the manner stipulated in the instrument. Nogueras reserved the right to rescind the contract after the crop of 1921 and in case he should exercise such right, the Fajardo Sugar Company agreed to lease the community property for the remaining five years, or until 1926, under the conditions stipulated in the said instrument.   Both parties agreed that the contract should be recorded in the registry of agricultural contracts, as provided for by Act No. 37 of March 10, 1910, as amended by the Act of March 9, 1911.

The said instrument having been presented in the Registry of Property of Humacao, the registrar refused to admit it to record for the reasons stated in the following decision:

"The record applied for is denied because the foregoing document does not show that Cristina Alvarez Garriga, the wife of Nogueras, gave her consent nor contains any reference to or copy of the power of attorney executed by her in favor of her said husband, and is not accompanied by the said power of attorney.   In lieu thereof a cautionary notice is entered in favor of the Fajardo Sugar Company for the legal period, etc."

Not agreeing with the above decision, the Fajardo Sugar Company took the present appeal, alleging, in substance, that the consent of the wife was unnecessary because the contract entered into by the husband was simply an act of management which he was fully authorized by law to perform.

In our opinion the contract exceeded the limits of an act of management and constitutes a lien on property partaking of the nature of real property belonging to a conjugal partnership.   Hence the consent of the wife is necessary according to law.

The contract between Juan Nogueras Pedraza and the Fajardo Sugar Company was entered into in accordance with the provisions of the Act to provide for contracts of advances for agricultural purposes and grinding of cane, and for other

purposes; that is, Act No. 37 of 1910, section 1 of which reads as follows:

"A contract of advances for agricultural purposes is one under which one of the parties thereto turns over and the other party receives, subject to reimbursement, a certain amount of money in cash or specie, whether in a lump sum or in successive instalments, with which to meet the expenses of administration, maintenance, cultivation or improvements of rural properties, the products of said properties being answerable and liable for the repayments of the amounts so received with interest agreed to thereon.    *    *    *"

Therefore, by virtue of the said contract the products of the properties became liable for the repayment of the amounts received, and as the products in this case partake of the character of real property owned by the conjugal partnership composed of Juan Nogueras Pedraza and his wife, Cristina Alvarez Garriga, it necessarily follows that the husband could not lawfully enter into the contract without the express assent of his wife.

According to section 1316 of the Civil Code, to the conjugal partnership belong, among other property, "the fruits, income, or interest collected or accruing during the marriage coming from the partnership property, or from that which belongs to either one of the spouses."  According to subdivision 2 of section 335 of the same code, "trees, plants and ungathered fruits, while they are not separated from the land or form an integral part of an immovable," are real property; and the last paragraph of section 159 of the same code prescribes that "the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null, except when effected with the mutual consent of both parties to the marriage."  See also the jurisprudence laid down by this court in the case of *Ejemplo Sugar Co.* v. *Registrar of Humacao,* 23 P. R. R. 262.

The decision appealed from should be

*Affirmed.*

( hief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.